# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FREDERICK FAIR,
     Appellant,

     v.

DEPARTMENT OF DEFENSE,
     Agency.

DOCKET NUMBER
DC-1221-16-0139-W-1

DATE: October 26, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Frederick Fair</u>, Alexandria, Virginia, pro se.

<u>Michael J. Buxton</u> and <u>William R. Kraus</u>, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, we DISMISS the petition for review as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The administrative judge dismissed the appellant's IRA appeal for lack of jurisdiction by initial decision dated October 18, 2016. Initial Appeal File, Tab 24, Initial Decision (ID) at 1, 7. The administrative judge informed the parties that her decision would become a final decision of the Board on November 22, 2016, unless either party filed a petition for review by that date. ID at 7.

On December 2, 2016, the Board received the appellant's petition for review, sent by facsimile, challenging the initial decision.[2] Petition for Review (PFR) File, Tab 1. The Clerk of the Board issued a notice stating that the petition was untimely because it was not postmarked or received by the Board on or before November 22, 2016, and affording the appellant the opportunity to file a motion, supported by a statement signed under penalty of perjury or an affidavit, showing that the petition was timely or that the time limit should be waived for good cause. PFR File, Tab 2. The appellant filed a Motion for Extension of Time to File a Petition for Review, "sworn to under penalty of perjury." PFR File, Tab 3. The agency filed a response to the petition for review, arguing, inter alia, that it should be dismissed as untimely filed. PFR File, Tab 4.

## ANALYSIS

The Board's regulation governing the time for filing a petition for review states as follows:

> Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision . . . If the petitioner is represented, the 30-day time

---

[2] The petition for review was filed by the appellant's representative, who represented him below. Six months later, after the close of the record on review, the representative withdrew his appearance. Petition for Review (PFR) File, Tab 5.

period begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.

5 C.F.R. § 1201.114(e).  The appellant does not allege that he received the initial decision more than 5 days after its issuance date.  As he did not file his submission until December 2, 2016, it was filed 10 days late.

¶5        The Board will waive its time limit only upon a showing of good cause for the delay in filing.  *Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶ 12 (2006).  To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  The Board will consider the length of the delay, the reasonableness of the appellant's excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of circumstances beyond his control that affected his ability to comply with the time limit or of unavoidable casualty or misfortune that prevented him from timely filing his petition for review.  *Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

¶6        Absent other factors showing good cause, the Board has declined to excuse even delays that are not particularly lengthy.  *See, e.g.*, *Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009) (declining to waive the filing deadline for a 3-day delay).  The appellant was not proceeding pro se and has presented no evidence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that prevented him from timely filing his petition for review.  In his motion for an extension, the appellant's then-representative states that he became sick on November 23, 2016, the date he states the petition for review was due.  PFR File, Tab 3.  In fact, as noted, the petition for review was actually due by November 22, 2016.  ID at 7.  Therefore, to the extent the then-representative was ill after the due date, any such illness was of no consequence because the filing

date already had passed. The representative also claims that, because of his continued discomfort, he had difficulty locating the Board's facsimile number, and so he "waited" until November 27, 2016, also after the filing deadline, to email the petition and that, after being advised that the Board does not accept such pleadings,[3] he faxed the petition for review on December 3, 2016.[4] PFR File, Tab 3. The appellant's then-representative has not explained when, during the 30-day filing period, he completed work on the petition for review. In any event, he did not exercise due diligence in waiting to file the petition until after the filing deadline had passed.

¶7 In sum, we find that the appellant has failed to show that he exhibited due diligence or ordinary prudence in filing his petition for review. Accordingly, we find no good cause for waiving the filing deadline and dismiss the petition for review as untimely filed.

¶8 This is the final order of the Merit Systems Protection Board concerning the timeliness of the appellant's petition for review. The initial decision will remain the final decision of the Board regarding the dismissal of the appellant's IRA appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[3] The Board's regulations clearly provide that filings must be filed by commercial or personal delivery, by facsimile, by mail, or by electronic filing. 5 C.F.R. § 1201.114(d).

[4] As noted, the Board received the faxed petition on December 2, 2016.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.